**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REBECCA UNTISZ,

      Plaintiff-Appellant,

v.

CITY OF GREENWOOD VILLAGE,

      Defendant-Appellee.

No. 13-1253
(D.C. No. 1:11-CV-03232-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **McHUGH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

Rebecca Untisz appeals from the district court's grant of summary judgment to her former employer, the City of Greenwood Village, on her claims of gender discrimination and hostile work environment under Title VII of the Civil Rights Act. She contends—in what amounts to only four pages of appellate argument—that the district court erroneously concluded that (1) her allegations of gender bias were

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

insufficient to support an inference that the City terminated her employment because she is female, and (2) she failed to proffer any evidence of gender discrimination that created a hostile work environment. *See* Aplt. Opening Br. at 6-9; Aplt. App. at 225-227 (Order Granting Summary Judgment).

Our jurisdiction arises under 28 U.S.C. § 1291. "We review a district court's decision to grant summary judgment de novo, applying the same standard as the district court." *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 872 (10th Cir. 2013) (internal quotation marks omitted). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making this determination, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712-13 (10th Cir. 2014) (internal quotation marks omitted).

The parties are familiar with the facts and procedural history of this case, and we need not restate either here. Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standard, we hold that Ms. Untisz has failed to identify any reversible error in this case. We therefore affirm the

district court's judgment for substantially the same reasons stated in its order granting the City's motion for summary judgment.

Entered for the Court

Carolyn B. McHugh
Circuit Judge